# In the United States Court of Federal Claims

| | |
|---|---|
| THOMAS PATTON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 01-161C<br><br>Filed August 3, 2006 |

## ORDER

Pursuant to the Court's Order of April 7, 2006, the parties participated in a telephonic status conference with the Court on Thursday, August 3, 2006 to discuss the nature and timing of further pre-trial activities in this case.

The parties reported that defendant had taken the plaintiff's deposition on June 8, 2006 at which time the plaintiff had produced several hundred pages of relevant documents, including telephone records and contemporaneous, hand-written notes. The defendant stated that based on the deposition and documents, it believed that a further motion for summary judgment was warranted and requested that the Court set a schedule for the filing and briefing of such a motion. After discussion with the parties, the Court stated that it would adhere to the schedule set forth in the April 7, 2006 Order, which contemplated a three-day trial starting October 16, 2006. Counsel for plaintiff stated that because of the late production of documents, he was amenable to making plaintiff available for a further deposition by defendant. However, defendant's counsel stated that she believed the Government had been able to conduct a full and complete deposition of the plaintiff on June 8, so that no further deposition was necessary.

With respect to the meeting of counsel scheduled for Friday, August 25, 2006 and the other activities described in paragraph 13 of Appendix A of the Rules of the United States Court of Federal Claims ("Appendix A"), counsel for defendant asked whether it was necessary for defendant to file a motion seeking leave to file the transcript of the deposition of plaintiff for introduction at trial. *See* paragraph 13(c)(1) of Appendix A. The Court stated that in lieu of such a motion, defendant should provide to counsel for plaintiff a designation of the portions of the transcript that defendant wished to introduce at trial, plaintiff should provide defendant with his additional designations, and the parties should, after all designations have been made, tender an

agreed transcript as a joint exhibit in accordance with paragraph 18 of Appendix A. If the parties are unable to reach agreement on the permissible designations, they will provide the Court a copy of the transcript and of the exhibits marked at the deposition so that the Court may promptly resolve any disagreements. Counsel for defendant represented that she would provide her designations to plaintiff by Thursday, August 24, 2006, and counsel for plaintiff stated that he would provide his additional designations to defendant within seven days thereafter.

The Court also indicated that it intended to set forth in this Order the procedures that shall be applicable at trial. They are as follows:

1) The trial will commence at 9:30 a.m. on Monday, October 16, 2006 and conclude at or before the close of business on Wednesday, October 18, 2006. The trial will begin each day at 9:30 a.m. and conclude at 5:30 p.m. The Court will take a one-hour luncheon recess and two 15-minute recesses, one during the morning session and one during the afternoon session.

2) The parties shall provide Chambers with courtesy copies of their trial exhibits in paper form at the time they make their filings on Friday, September 22, 2006 as described in paragraph 4 of the Court's Order of April 7, 2006.

3) At trial each party shall provide four additional copies of its trial exhibits and of any demonstrative exhibits – one for the Court's law clerk, one for the witness, one for opposing counsel and one for the court reporter, who shall be the custodian of the official set of exhibits admitted or marked for identification and shall see that such exhibits are filed with the Clerk of the Court along with the transcript of the trial. *See* RCFC 88.1(f) and (i).

4) Each party shall serve by personal delivery two copies of any demonstrative exhibit that it intends to use no later than 72 hours before the exhibit is used with any witness. If a demonstrative exhibit is served after business hours, it may be served by facsimile rather than hand delivery, but the party shall hand deliver two copies of the demonstrative the following morning. If a demonstrative contains color, then two color copies shall be served. This paragraph applies to demonstratives used on direct examination, but not to demonstratives used on cross-examination or on redirect examination.

5) Each party may have a client representative present in the courtroom throughout the proceedings.

6) The Court will exclude all fact witnesses from the proceedings in accordance with Federal Rule of Evidence 615. Such witnesses are not to read transcripts of the testimony of earlier witnesses prior to testifying, are not to be briefed on such testimony prior to testifying, and are not to discuss their testimony with other persons who may be called to testify after they have been excused.

7) The parties shall confer in advance of the pre-trial conference regarding the order of

witnesses. Plaintiff shall notify the Court and counsel at the pre-trial conference of the order in which he will call his witnesses and the anticipated duration of the plaintiff's direct examination of each witness. Similarly, defendant shall state the order in which it will call its witnesses and the anticipated duration of defendant's direct examination of each.

8) To avoid further inconveniencing witnesses whom both sides intend to call, such witnesses shall, in the absence of unforeseen circumstances, be required to testify only once. Thus, following the conclusion of defendant's cross-examination of a witness called in plaintiff's case whom defendant has also designated as a witness in its own case, defendant may elicit from such witness testimony that is outside the scope of plaintiff's direct examination. Plaintiff may then conduct its cross-examination with respect to such testimony, and defendant may conduct any redirect examination. This procedure shall not affect defendant's right to move under Rule 52(c) at the conclusion of plaintiff's case for judgment as a matter of law.

9) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of court to have such a discussion.

10) The parties shall be allotted 30 minutes each for opening statements and a reasonable time, to be determined, for closing argument. The Court may request post-trial briefs if the Court is not prepared to rule at the close of trial.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge