# In the United States Court of Federal Claims

| | |
|---|---|
| THOMAS PATTON, Plaintiff, v. THE UNITED STATES, Defendant. | No. 01-161C<br>Filed September 29, 2006 |

## ORDER

Pursuant to the Court's Order filed September 26, 2006, the Court and the parties participated in a telephonic status conference on September 28, 2006, to discuss several topics related to the conduct of the trial.

The Court indicated that it was concerned, based on the parties' Appendix A filings, that the trial might last longer than the previously anticipated three days. The parties agreed that if that turned out to be the case they would be able to continue the trial on Thursday, October 19, and Friday, October 20, although counsel for plaintiff stated he would need to adjourn at 2:30 p.m. on Friday. The Court also inquired whether, if the case did not finish by 2:30 p.m. on Friday, the parties would be able to continue (and hopefully conclude) the trial on Monday, October 23. The parties indicated that they would be able to do so. The Court suggested that the parties re-visit issues related to the likely duration of the trial after the trial is underway. Plaintiff's counsel, who has matters scheduled on Monday outside the country, stated that if necessary he would take steps to be available on Monday, the 23rd.

Counsel for defendant asked whether it would be possible to take the testimony of Mr. Michael Wacks and Mr. Lawrence Sandri on Tuesday and Wednesday morning, respectively. Counsel for plaintiff indicated that he would be prepared to interrupt the presentation of the plaintiff's case to accommodate the schedules of those witnesses.

Counsel for defendant also asked whether it would be possible for Mr. Charles Goodwin, Special Agent in Charge of the Honolulu office of the FBI, to testify by telephone. Counsel for plaintiff stated that he was opposed to Mr. Goodwin's testifying by telephone but was amenable to scheduling a videotaped *de bene esse* deposition of Mr. Goodwin prior to trial. All or portions of the videotape could then be received in evidence at trial. Alternatively, counsel for plaintiff

stated that he was amenable to having Mr. Goodwin testify by video conference during trial. Counsel for defendant indicated that she would prefer the latter course of action. The Court ORDERS that the parties shall discuss among themselves an agreed protocol for taking Mr. Goodwin's trial testimony by video conference and shall be prepared to submit an agreed protocol at the pre-trial conference.

The Court asked whether plaintiff wished to designate portions of the transcript of the plaintiff's deposition in addition to those designated by defendant, as set forth in defendant's proposed Exhibit 20. Counsel for plaintiff stated that because plaintiff would be testifying at trial he did not believe it was appropriate for the Government to seek to introduce portions of plaintiff's deposition transcript. The Court stated that it disagreed, and counsel for plaintiff stated that in that event plaintiff would designate all portions of the transcript not already designated by defendant. Defendant asserted that such a designation was untimely in view of the Court's order of August 3, 2006. The Court stated that while defendant's argument was not without merit, the Court would permit plaintiff's designation at this point rather than precluding any designations and rather than getting into an argument about the propriety of plaintiff's specific designations.

In response to the Court's inquiry, and notwithstanding the representation set forth in paragraph 4(b) of the parties' Joint Certification of Meeting of Counsel (Docket Entry 90), counsel for plaintiff stated that the Government would likely object at trial to certain of plaintiff's trial exhibits on grounds of relevance. Counsel for plaintiff said that in view of the above-referenced representation set forth in the parties' Joint Certification, the Court should not permit such objections. Although plaintiff's argument was not without merit, the Court stated that it would permit objections on grounds of relevance at trial. In that regard, the Court inquired about the relevance of plaintiff's proposed Exhibit 8, a voluminous collection of plaintiff's telephone bills. Counsel for plaintiff made clear that he did not plan to elicit testimony about each of the entries on the bills. Counsel for defendant also raised questions about the completeness and relevance of plaintiff's proposed Exhibit 2 (which consists of correspondence dated August 5, 1993, which, in turn, refers to a "written agreement attached hereto") and the relevance of plaintiff's proposed Exhibit 9 (which consists of airline passenger tickets and baggage checks that the Government stated relate to travel undertaken in 1993, *i.e.*, prior to the 1994 agreement). Counsel for plaintiff stated that he would discuss further with Government counsel the issues raised by these two proposed exhibits and, if necessary, promptly take corrective action. The Court FURTHER ORDERS that plaintiff shall file and serve a statement of the corrective action he proposes to take **by noon on October 4, 2006**. The parties stated they were in agreement that there would be no objections to either party's proposed exhibits on grounds of authenticity.

With reference to plaintiff's proposed Exhibit 12 (described as "Damages Calculation Chart"), the Court requested that counsel for plaintiff promptly file and serve two additional damages calculations – one eliminating the interest component and one eliminating the interest component and the monthly amount attributable to expenses ($3,250.00). The Court suggested that plaintiff designate these exhibits plaintiff's Exhibits 12A and 12B.

The Court also directed the parties to identify the specific pages on which they rely within certain voluminous exhibits that they cite in support of certain of their proposed findings of fact. Specifically, the Court FURTHER ORDERS that:

1) Plaintiff shall identify (in writing or orally at the pre-trial conference) such page citations within PX 7 and PX 8 where such exhibits are relied upon in support of plaintiff's proposed findings of fact numbered 14, 16, 18, 23, and 24.

2) Defendant shall identify (in writing or orally at the pre-trial conference) such page citations within DX 6, DX 20, and DX 21 where such exhibits are relied upon in support of the Government's proposed findings of fact 4, 5, 6, 9, 10, 11, 12, 14, 16, 17, and 20.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge