IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-161C |
| | ) | (Judge George Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED PROPOSED FINDINGS OF FACT

Pursuant to paragraph 14(d) of Appendix A of the Rules of the Court of Federal Claims, and the Court's order dated September 29, 2006, defendant submits the following proposed findings of fact with specific citations to Mr. Patton's notes of telephone conversations (Defendant's Exhibit 6) and to Mr. Patton's deposition transcript (Defendant's Exhibit 21)[1].

1. On or about June 20, 1989, Mr. Patton, along with other persons, was arrested by the Federal Bureau of Investigation ("FBI" or "agency") for criminal activities. See Def. Ex. 15.[2]

2. On March 23, 1990 Mr. Patton signed a plea agreement with the United States in the case of United States v. Sam Frank Urbana, et al., Case No. 89-360-CR-DAVIS, in the United States District Court for the Southern District of Florida. Def. Ex. 2.

---

[1] Because Defendant's Exhibit 21 (the entire transcript of Mr. Patton's deposition) encompasses Defendant's Exhibit 20 (deposition excerpts), defendant has only cited to Exhibit 21, so as to avoid duplication.

[2] "Def. Ex. ___" refers to the referenced exhibit.

3. On or about November 11, 1994, the FBI's Los Angeles Division entered into a written agreement with Mr. Patton to obtain information concerning criminal activity on the part of the La Cosa Nostra and drug trafficking and money laundering organizations ("1994 Agreement"). Def. Ex. 3. FBI Los Angeles Division Special Agent ("SA") Michael Wacks was the representative for the FBI contracting officer under the 1994 Agreement. Id.

4. The 1994 Agreement provided that, in return for his services, Mr. Patton would receive $4,000.00 per month, plus up to $3,250.00 for expenses. Id. Among the expenses provided for in the 1994 Agreement was $1,030 per month for a rental vehicle and insurance. Id. This corresponded to the amount actually being paid ($1,029.70) for the rental car that had been rented for Mr. Patton In Los Angeles. Def. Ex. 21 (Patton Depo. 22:12-23:25). The 1994 Agreement also provided for $320 per month for utilities and telephones and $300 per month for furniture rental for the apartment in the Marina Del Ray area of Los Angeles in which Mr. Patton was staying. Def. Ex. 3. Under the 1994 Agreement, Mr. Patton would receive $1,600 a month for travel and entertainment expenses incurred in furtherance of investigation-related activities, which included expenses that Los Angeles Division SA Scott Garriola incurred, as he and Mr. Patton worked together. Id.

5. When he was in Los Angeles working under the 1994 Agreement, Mr. Patton was paid regularly every month. Def. Ex. 4; 21 (Patton Depo. 53:10-19).

6. Under the 1994 Agreement, Mr. Patton and SA Garriola worked undercover together, posing as jewel thieves. Def. Ex. 21 (Patton Depo. 100:9-18). Mr. Patton lived under the name Tom Piazzi, and SA Garriola posed as his nephew. Id. (Patton Depo. 20:13-23). Mr. Patton and SA Garriola spoke every day and met three to four times a week. Id. (Patton Depo. 100:22-25). In his undercover role, Mr. Patton recorded hundreds of conversations with subjects. Id. (Patton Depo. 101:21-102:1). He wore a body microphone, and their car was wired as well. Id. (Patton Depo. 102:2-5).

7. In late 1995 and early 1996, Mr. Patton was advised orally that the investigation in which he was participating was being terminated and that his services would no longer be required. Def. Ex. 7.

8. On February 15, 1996, Mr. Patton was given a payment of $5,600.00 and was advised that this was the last payment being made under his personal service contract. Def. Ex. 7. Mr. Patton was paid more than $100,000 for services performed under the 1994 Agreement, including expenses. Id.; Def. Ex. 4.

9. Mr. Patton left Los Angeles in late February 1996, and moved to Garland, Texas, outside of Dallas. Def. Ex. 7; 21 (Patton Depo. 33:25-34:4). At the time, Mr. Patton had a sister who lived in Garland, Texas. Ex. 21 (Patton Depo. 33:21-34:1). Once he moved to Garland, Mr. Patton no longer used the undercover name of Tom Piazzi. Def. Ex. 21 (Patton Depo. 86:3-8).

10. After he left Los Angeles in February 1996, Mr. Patton did not perform any more services under the 1994 Agreement, and did not receive monthly payments under the 1994 Agreement. Def. Ex. 21 (Patton Depo. 25:22-26:8, 29:17-20, 36:4-38:14, 54:23-55:4, 68:20-75:7, 90:7-93:12).

11. After he learned that his personal property in a storage facility in Florida had been lost or sold without his knowledge, Mr. Patton began complaining to the FBI regarding the fact that he had not received payments under the 1994 Agreement since February, 1996. Def. Ex. 6 (Patton 00064); 21 (Patton Depo. 50:3-12, 56:17-57:12).

12. When he was told that the 1994 Agreement was no longer in force, Mr. Patton disagreed, and stated that the terms of the agreement required that it be terminated in writing. Def. Ex. 6 (Patton 000128).

13. During the Summer and Fall of 1996, Mr. Patton and the FBI negotiated an amount of $30,000.00 to close out and terminate the 1994 Agreement. Id. (Patton 00076, 00081, 00088, 00098-100, 00101-102, 00102, 00104, 00107, 00110, 000114, 000121, 000124, 000128, 000132, 000133).

14. On November 14, 1996, the FBI paid $30,000.00 to Mr. Patton to close out and terminate the 1994 Agreement. Def. Ex. 5; 6; 8; 9.

15. Mr. Patton acknowledged receipt of the $30,000.00, and signed a receipt stating that it "represent[ed] full and final payment for services rendered" to the FBI. Def. Ex. 5.

16. When he accepted the $30,000.00 from the FBI on November 14, 1996, Mr. Patton stated that it "was for services provided to the 'California Investigation.'" Def. Ex. 9. The words "California investigation" referred to the parties' 1994 Agreement, which was based out of the FBI's Los Angeles, California Division. Def. Ex. 6 (Patton 00100, 00110, 00114, 00124). By making this statement, Mr. Patton distinguished his remaining claims for (1) the loss of his personal property in storage in Florida, and (2) a lump-sum amount of $150,000.00 allegedly promised by an agent of the FBI's Miami Division, both of which Mr. Patton had been discussing with the FBI during the spring, summer, and fall of 1996, and both of which were unrelated to the 1994 Agreement. Def. Ex. 6 (Patton 00063,

00065, 00098, 000129); see also Ex. 10; 11; 12; 13; 21 (Patton Depo. 198:21-25).

17. After receipt of the $30,000, Mr. Patton no longer claimed to be owed monies under the 1994 Agreement. Def. Ex. 6 (Patton 000137-172); 10. Instead, he pursued claims relating to his personal property in Florida and the lump sum allegedly promised him by the FBI's Miami Division. Id. (Patton 000137-172). On October 20, 1997, he wrote a letter to FBI Headquarters complaining about these two issues. Def. Ex. 11. Mr. Patton's letter did not mention being owed any money under the 1994 Agreement. Id.

18. Mr. Patton did not seek any additional payments under the 1994 Agreement until October 7, 1998, two years after receipt of the $30,000, when his attorney submitted a letter to FBI Director Louis Freeh, seeking, among other things, additional payment under the parties' 1994 Agreement. Def. Ex. 14.

19. Mr. Patton's attorney submitted additional letters seeking additional payment under the 1994 Agreement, dated April 19, 1999 and July 14, 1999. These letters were sent to FBI contracting officer Jack Cordes, Jr. Def. Ex. 15; 16.

20. Mr. Patton has performed no services for the FBI under the 1994 Agreement since leaving Los Angeles in February, 1996. Def. Ex. 21 (Patton Depo. 25:22-26:8, 29:17-20, 36:4-38:14, 54:23-55:4, 68:20-75:7, 90:7-93:12.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288

Attorneys for Defendant

OF COUNSEL:

TED SCHWARTZ
Assistant General Counsel
Department of Justice
Federal Bureau of Investigation

OCTOBER 3, 2006

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on the 3rd day of OCTOBER, 2006, a copy of the foregoing "DEFENDANT'S AMENDED PROPOSED FINDINGS OF FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore