IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS PATTON, Plaintiff, | ) | |
| v. | ) | No.-01-161C (Judge Miller) |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S CLARIFICATION OF EXHIBITS**

COMES NOW the Plaintiff, Thomas Patton, by and through counsel, and in accordance with the Court's Order of September 29, 2006, hereby states as follows:

1. On September 28, 2006, the Court held a telephone status conference wherein the Court clarified certain issues for trial.

2. During said status conference, the Defendant raised certain objections to Plaintiff's Exhibit 2, a letter from the FBI to Thomas Patton, dated August 5, 1993 and signed on August 10, 1993, terminating the 1991 Contract between Mr. Patton and the FBI ("Termination Letter"), and also to Plaintiff's Exhibit 9, a USAir passenger ticket and baggage check for Thomas Piazzi (a/k/a Thomas Patton), marked by Bates stamp Patton 00006 ("Plane Tickets").

3. With regard to the Termination Letter, the Defendant argued that the Termination Letter did not terminate the 1991 Contract but instead terminated a contract entered into between Mr. Patton and the Defendant in 1990 ("1990 Contract"). The Defendant further referenced a 1990 Contract not listed as an exhibit.

4. The Defendant, however, previously filed the very same Termination Letter with the Court (without attaching a written agreement) on August 23, 2001, as App. 14 to Defendant's Partial Motion to Dismiss and Motion for Summary Judgment.

5. On p. 4 of said Motion, Defendant cites to the Termination Letter as being a termination of the 1991 Agreement. *See* p. 3-4 and App. 14 of Defendant's Motion, attached hereto as Group Exhibit A.

6. In addition, in its August 31, 2004 Opposition to Plaintiff's Partial Motion for Summary Judgment and Motion to Dismiss, or for Partial Summary Judgment, the Defendant states that (A) "FBI contracting officer Jack Cordes terminated the 1991 Agreement by written notice to Mr. Patton" on August 5, 1993, and (B) the last time SA George Chmiel spoke with Mr. Patton was "on August 10, 1993, when he terminated the 1991 Agreement in writing." *See* pp. 8, 9 and 15 of Defendant's Opposition, attached hereto as Group Exhibit B (emphasis added).

7. The Termination Letter is in fact signed by Jack Cordes and George Chmiel for the FBI. Mr. Chmiel was an agent with the FBI's Baltimore division, for whom Mr. Patton worked under the 1991 Agreement. Group Exhibit A.

8. Mr. Patton is prepared to testify to the termination of the 1991 Contract, including, but not limited to, the Termination Letter.

9. For further clarification, the Plaintiff advises the Court that it is in possession of the 1990 Contract to which the Defendant refers, but which was signed by FBI contracting officer Jack R. Cordes on January 29, 1991. However, as the Defendant has repeatedly referred to the Termination Letter as terminating the 1991 Contract, as further

explained above, the Plaintiff objects to the Defendant now apparently arguing that the Termination Letter referred to the 1990 Contract rather than the 1991 Contract.

10. With regard to the Plane Tickets, the FBI contends that its resources indicate that the tickets were used in 1993, prior to Mr. Patton's work under the 1994 Agreement.

11. However, Defendant's counsel has not provided the Plaintiff with any further evidence indicating that the tickets were issued in 1993, and Mr. Patton's best recollection is that they were used for a trip he took to Kansas City as part of his work under the 1994 Agreement.

12. As ordered by the Court, Plaintiff also submits, as Group Exhibit C, Plaintiff's Exhibits 12A and 12B, which are modified damages calculations that eliminate the interest component included in Plaintiff's Exhibit 12, and further excluding in Plaintiff's Exhibit 12B the monthly amount attributable to expenses.

Respectfully submitted,

Dated: October 4, 2006

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: */s/ Richard D. Heideman*
Richard D. Heideman

Counsel for the Plaintiff

G:\Clients\Patton\FBI\Trial\Clarification of Exhibits.doc

# GROUP EXHIBIT A

## *Patton v. United States*, 01-161C

No. 01-161C
(Judge Futey)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS PATTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S PARTIAL MOTION TO DISMISS AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STUART E. SCHIFFER
Acting Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-6288

Attorneys for Defendant

OF COUNSEL:

M. SEAN O'NEILL
Attorney
Department of Justice
Federal Bureau of Investigation

August 23, 2001

the FBI by serving as a witness against those persons arrested with him on June 20, 1989. See Compl. ¶ 15. On March 23, 1990 Mr. Patton signed a plea agreement with the United States in the case of United States v. Sam Frank Urbana, et al., Case No. 89-360-Cr-Davis, in the United States District Court for the Southern District of Florida. See App. 4; 31.

On or about June 3, 1991 the parties entered into a written agreement which required that, in return for Mr. Patton assisting the FBI in certain criminal investigations, the agency agreed to pay Mr. Patton the sum of $3,000.00 per month ("1991 Agreement"). Compl. Ex. A. The 1991 Agreement stated that it would continue until September 30, 1991, but that it could be renewed thereafter for an agreed upon period of time "contingent upon the written agreement of the parties." Id. In any regard, the agreement could "be terminated at any time by either party by deliverance of written notice to terminate." Id.

The agreement further stated as follows:

> This document constitutes the full and complete agreement between Mr. Patton and the FBI. Modifications to this agreement will have no force and effect unless and until such modification is reduced to writing and signed by all parties thereto. The representative for the FBI contracting officer in this agreement is Special Agent E. Richard Leahy. Id.

Prior to the trial, which was originally scheduled for July 29, 1991, the other persons arrested with Mr. Patton on June 20, 1989 pleaded guilty in the matter of United States v. Sam Frank

Urbana, et al., Case No. 89-360-Cr-Davis (S.D. Fla.). See App. 13; 35; 73-77. On August 5, 1993, FBI contracting officer Jack Cordes terminated the 1991 Agreement by written notice to Mr. Patton. App. 14. Mr. Patton acknowledged the termination notice by signing it on August 10, 1993. Id. Mr. Patton does not seek additional monies under the parties' 1991 Agreement. Compl. ¶¶ 18-19.

Beginning on April 29, 1987, Mr. Patton had placed personal belongings in two storage bays located at Federal Self Storage on Eller Drive in Dania, Florida.[4] App. 15-16. By February 6, 1991, the account at Self Storage had lapsed for nonpayment and accrued an outstanding balance of $2,593.84. App. 17; Compl. ¶ 23. Mr. Patton informed FBI SA Leahy of the lapsed account and sought SA Leahy's assistance in the matter. See Compl. ¶ 24. In an effort to assist Mr. Patton, SA Leahy negotiated with the manager of the storage facility, which agreed to accept a payment from SA Leahy of $1,000.00 in lieu of the $2,593.84 amount due in arrears. App. 18. Because the storage facility had broken the locks and was in the process of commencing an auction of Mr. Patton's personal possessions, id., SA Leahy purchased a lock and secured the contents in the storage bays. See Compl. ¶ 27.

---

[4] Although paragraph 22 of plaintiff's complaint states that the storage bays were first rented in 1990, documentation from the storage company consistently indicates that the bays were initially rented in 1987. App. 15-17.

INDEX TO DEFENDANT'S APPENDIX


| Document | Page(s) |
|---|---|
| Federal Bureau of Investigation ("FBI") internal memorandum, dated June, 1992 | 1-3b |
| FBI internal memorandum, dated October, 1992 | 4-5 |
| Memorandum Opinion of the United States District Court for the Southern District of Florida, in United States v. Urbana, No. 89-360-CR, dated May 10, 1991 | 6-13 |
| Letter to Mr. Patton from FBI contracting officer Jack Cordes, dated August 5, 1993 | 14 |
| Rental Agreement between Federal Self Storage, Inc. and Mr. Patton, dated April 29, 1987 | 15-16 |
| Letter to Pam Patton from Federal Self Storage, dated February 6, 1991 | 17 |
| Letter to FBI Special Agent Richard Leahy from Federal Self Storage, dated March 8, 1991 | 18 |
| FBI internal memorandum, dated July 18, 1996 | 19-23 |
| FBI internal memorandum, dated November 12, 1996 | 24-25 |
| FBI internal memorandum, dated November 20, 1996 | 26 |
| Statement by Mr. Patton, dated November 14, 1996 | 27 |
| Letter to FBI contracting officer Jack Cordes, from Richard Heideman, dated April 19, 1999, with attachment | 28-42 |
| Letter to FBI contracting officer Jack Cordes, from Richard Heideman, dated July 14, 1999, with attachment | 43-49 |
| Pertinent sections of FBI Manual | 50-52 |
| Declaration of Jack Cordes, dated June 1, 2001 | 53-54 |
| Letter to Mr. Patton from Neil Divers, dated November 7, 1997 | 55-56 |
| Position Descriptions of FBI Special Agents, | |

GS-10 to GS-13 . . . . . . . . . . . . . . . . . . . . 57-72

Plea agreement and sentencing information pertaining
to defendants in United States v. Urbana,
No. 89-360-CR . . . . . . . . . . . . . . . . . . . . 73-77

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535

August 5, 1993

Mr. Thomas J. Patton
Annapolis, Maryland 21401

Dear Mr. Patton:

Your cooperation in the past with the FBI on official investigations has been greatly appreciated. It was for this assistance that you were compensated under a written agreement, attached hereto for reference, and which was instrumental in the favorable ruling on the Rule 35 motion granted by the U.S. District Court in the Southern District of Florida.

This letter will serve as a written confirmation of the previous conversation between yourself and special Agents George Chmiel and Kent Cameron on July 29, 1993, where you were advised that your continued assistance and services under the referenced agreement (supra) would no longer be required.

Inasmuch as this is the case, the consideration payable under this agreement is hereby terminated pursuant to clause 11 of the agreement.

Please acknowledge receipt of this notification by signature as indicated below:

Thomas J. Patton [signature] Signature    8/10/93 Date

Witness: SA George G. Chmiel
SA George G. Chmiel
For the Federal Bureau of Investigation

Sincerely yours,

Danny O. Coulson
Special Agent in Charge

By: [signature]
John D. Huntley, Jr.
Supervisory Senior Resident Agent

[signature] Contracting Officer
FBI Contracting Officer 8/5/93

14

# GROUP EXHIBIT B

## *Patton v. United States*, 01-161C

No. 01-161C
(Judge Futey)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS PATTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

LAUREN S. MOORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

TED SCHWARTZ
Assistant General Counsel
Department of Justice
Federal Bureau of Investigation

AUGUST 31, 2004

facility. App. 3 (Decl. Leahy ¶ 8); App. 40 (Decl. Irby ¶ 6); see also App. 53-54 (Decl. Goodwin ¶ 3). SA Leahy made no additional payments to the storage facility. App. 5 (Decl. Leahy ¶ 13).

Shortly thereafter, on or about May 28, 1991, the parties entered into a written agreement which required that, in return for Mr. Patton assisting the FBI in certain criminal investigations, the agency agreed to pay Mr. Patton the sum of $3,000.00 per month ("1991 Agreement"). Compl. Ex. A. The 1991 Agreement, which makes no reference to any agreement to pay storage fees, states:

> This document constitutes the full and complete agreement between Mr. Patton and the FBI. Modifications to this agreement will have no force and effect unless and until such modification is reduced to writing and signed by all parties thereto.

Compl. Ex. A, ¶ 13.

Prior to the trial in the matter of United States v. Sam Frank Urbana, et al., Case No. 89-360-Cr-Davis (S.D. Fla.), which was originally scheduled for July 29, 1991, the other persons arrested with Mr. Patton on June 20, 1989 pleaded guilty. See Def. App. 13; 35; 73-77. Shortly after that time, Mr. Patton relocated to the Baltimore, Maryland area and the FBI's Baltimore Division took over the 1991 Agreement. In August, 1991, Mr. Patton was closed as a CW in the Miami Division. App. 5 (Decl. Leahy ¶ 15).

In a teletype from the Baltimore Division to the Miami Division dated December 8, 1992, Baltimore asked Miami to make arrangements

for Mr. Patton, while he was in the Ft. Lauderdale area, to have an opportunity to go through his personal effects that were in storage. App. 33-35. In a response prepared by SA Leahy, dated December 18, 1992, the Miami Division advised the Baltimore Division that no payment for that storage had been made in approximately two years and that the owners had placed special locks on both of Mr. Patton's storage compartments, and that prior to his access to those compartments, the bill would have to be satisfied. App. 37-38.

In 1993, while Mr. Patton was working with SA George Chmiel of the FBI's Baltimore Division, Mr. Patton asked SA Chmiel to look into the status of the property in the storage facility in Florida. SA Chmiel contacted SA Leahy, who twice informed him that the storage fees were not the FBI's responsibility. App. 55-70. SA Chmiel told Mr. Patton at least twice that SA Leahy had responded that the property in the storage facility was not the FBI's responsibility. Id.

On August 5, 1993, FBI contracting officer Jack Cordes terminated the 1991 Agreement by written notice to Mr. Patton. Def. App. 14. Mr. Patton acknowledged the termination notice by signing it on August 10, 1993. Id.

Approximately fifteen months later, on or about November 11, 1994, Mr. Patton entered into another service agreement with the FBI's Los Angeles Division ("the 1994 Agreement"). Compl. Ex. B.

> However, **I heard SA Leahy tell Mr. Patton on several occasions during this time period in 1991 that the FBI was not responsible for the future monthly payments to the storage facility.** I note that Mr. Patton was already receiving $3000 a month from the FBI at that time.

App. 40 (Decl. Irby, at ¶ 6)(emphasis added); see also App. 53-54 (Decl. Goodwin ¶ 3) Thus, Mr. Patton was on notice as early as 1991 that the FBI was not responsible for the monthly storage payments.

In addition to statements made to him in 1991 by SAs Leahy and Goodwin concerning the storage fees, Mr. Patton learned again, before August 10, 1993, that the FBI did not consider itself to be responsible for the storage fees. In his deposition, SA George Chmiel of the FBI's Baltimore Division testified that, as requested by Mr. Patton, he asked SA Leahy about the storage goods sometime before August 10, 1993. App. 55-70. SA Leahy twice informed SA Chmiel that the storage payments were not the FBI's responsibility. SA Chmiel informed Mr. Patton of SA Leahy's responses before August 10, 1993. Id. SA Chmiel testified that the last time he spoke to Mr. Patton was on August 10, 1993, when he terminated the 1991 Agreement in writing. App. 67-69. Thus, regardless whether SA Leahy initially promised to pay the monthly storage rent, Mr. Patton learned no later than August 10, 1993, that the FBI did not consider itself responsible for paying the storage fees.

# GROUP EXHIBIT C

# *Patton v. United States*, 01-161C

# PLAINTIFF'S EXHIBIT 12A

## MONEY OWED THOMAS PATTON BY THE FBI UNDER THE 1994 CONTRACT, EXCLUDING INTEREST

**Monthly payments under 1994 Contract**: $7250.00
**Number of months owed**: 77 (March 1996 – July 2002)
**Amount owed through July 2002**: $558,983.70



# PLAINTIFF'S EXHIBIT 12B

## MONEY OWED THOMAS PATTON BY THE FBI UNDER THE 1994 CONTRACT, EXCLUDING INTEREST

**Monthly payments under 1994 Contract**: $4000.00
**Number of months owed**: 77 (March 1996 – July 2002)
**Amount owed through July 2002**: $308,000.00

