# In the United States Court of Federal Claims

| | | |
|---|---|---|
| THOMAS PATTON, Plaintiff, | ) | No. 01-161C |
| v. | ) | Filed October 5, 2006 |
| THE UNITED STATES, Defendant. | ) | |

## PRETRIAL ORDER

Pursuant to the Court's Order filed September 21, 2006, the Court and the parties participated in a pretrial conference on October 5, 2006, to discuss several topics related to the conduct of the trial.

Counsel for defendant requested that the video conference testimony of Mr. Charles Goodwin, who will be in Boston, occur at 3:00 pm on Tuesday, October 17, 2006. Counsel for plaintiff indicated that he would be prepared to interrupt the presentation of the plaintiff's case to accommodate the video conference.

Counsel for plaintiff indicated that he would first call either Mr. Patton or Mr. Donahue, and that Mrs. Patton's testimony would follow Mr. Patton's. Counsel indicated that he is meeting with the Pattons on Friday, October 13, 2006, and would be able to determine the order of plaintiff's witnesses at that time. Counsel for defendant indicated that she would need to know the order of plaintiff's witnesses in order to determine the order of her witnesses. The Court ORDERS that both parties file and serve a schedule showing the order of witnesses to be called, together with an estimated time of direct examination for each witness and a statement of each witness's anticipated testimony, by **Friday, October 13, 2006**.

Counsel for defendant informed the Court that Mr. Michael Wacks would not be traveling the week of trial, and so it was unnecessary that he testify on Tuesday morning. Mr. Lawrence Sandri, however, will be traveling, and it will be necessary for counsel for defendant to take his testimony on the morning of Wednesday, October 18, 2006. Counsel for plaintiff had no objection.

Owing to the still-extensive number of pages of Mr. Patton's handwritten notes cited to in

the parties' respective proposed findings of fact (plaintiff's proposed Exhibit 7 and defendant's proposed exhibit 6), and the difficulty in deciphering the handwriting, the Court FURTHER ORDERS that (1) the parties shall each produce a typewritten transcription (referred to in the pretrial conference as a "translation") of each page cited in their respective proposed findings of fact, which they shall file and serve by **5:00 pm on Wednesday, October 11, 2006**; (2) the parties shall confer with a goal of resolving any disagreement about the accuracy of any portion of the typewritten transcriptions; and (3) counsel for plaintiff shall file and serve on behalf of both parties an agreed-upon transcription (or, if the parties cannot come to an agreement, a transcription of the agreed-upon portion with a statement of the remaining disagreements) by **5:00 pm on Friday, October 13, 2006**.

The parties agreed that, although plaintiff's proposed Exhibit 2—the 1993 termination letter—may have been inadvertently attached by the FBI to a 1990 agreement, it was intended to terminate the 1991 agreement. Counsel for defendant indicated that she would not allege, or elicit testimony alleging, otherwise at trial. Counsel for plaintiff indicated that, when told about counsel for defendant's belief that plaintiff's proposed Exhibit 9—the boarding pass—came from a flight in 1993, Mr. Patton acknowledged that he had been flying with an agent whose name the Court understood to be Mr. Shimmel, and that if the boarding pass related to a flight with Mr. Shimmel, as counsel for defendant said it did, then plaintiff's proposed Exhibit 9 related to a flight in 1993.

The Court asked whether the parties had agreed upon procedures regarding implementation at trial of the protective order. Counsel indicated that they had not met regarding that subject, but counsel for defendant named six sensitive investigations in which Mr. Patton had participated, and proposed general formulations for referring to the investigations. Counsel for plaintiff and counsel for defendant reached an agreement on how to refer to the investigations; counsel for plaintiff said that he would instruct Mr. Patton on how to refer to the investigations, and Mr. Schwartz, agency counsel, said that he would instruct the current and former FBI agents who will testify on how to refer to the investigations. Counsel for plaintiff further stated that if, as he spoke with Mr. Patton about the investigations, they reminded Mr. Patton of any other investigations that Mr. Schwartz had not mentioned, counsel for plaintiff would immediately inform counsel for defendant to determine whether such investigations were sensitive and, if so, how to refer to them.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge