IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS PATTON, Plaintiff, | ) | |
| v. | ) | No. 01-161C (Judge George W. Miller) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO MODIFY
THE COURT'S DECEMBER 6, 2006 OPINION

Pursuant to Rule 52(b) of the Rules of the United States Court of Federal Claims, defendant respectfully requests that the Court modify a factual finding contained in its December 6, 2006 opinion.

On December 6, 2006, the Court issued its opinion in this breach-of-contract matter. This motion respectfully requests that the Court modify footnote 2 of the opinion because the first sentence in the footnote does not accurately describe the distinction between a cooperating witness ("CW") and an informant (or "confidential informant" ("CI")). Because the opinion is to be published, the first sentence of footnote 2 is likely to cause confusion in future cases if it is not modified.

The first sentence of footnote 2 states that "A CW agrees to testify on behalf of the Government, and works for the FBI under contract (whether written or not) to do so, whereas an informant delivers and is paid for information, but may not testify for the Government. Tr. at 58:20-59:1." This statement is not accurate, for two reasons: (1) CWs do not always work under a contract; and

(2) CIs are not always paid. The basic distinction between a CW and a CI is that a CW has agreed to testify and a CI has not. See The Attorney General's Guidelines Regarding the Use of Confidential Informants (May 30, 2002), pp. 1-2 (defining CI and CW)(available at www.usdoj.gov/olp/dojguidelines.pdf).

The Court cites to the testimony of plaintiff's witness, retired Special Agent John Donahue, for the first sentence in footnote 2. However, as a retired Federal Bureau of Investigation ("FBI") employee, and as a witness for the plaintiff, Mr. Donahue did not speak for the FBI. In addition, Mr. Donahue did not testify that informants are necessarily paid. In any case, Mr. Donahue's testimony regarding the difference between a CW and a CI is simply not accurate. Mr. Donahue did not suggest that he had any particular expertise in distinguishing between and CW and a CI, and the Court may recall that he initially believed that "CW" stood for "confidential witness" rather than "cooperating witness." In fact, his testimony at transcript pages 58:20-59:1 was in response to a question not about a "cooperating witness" but rather about the difference between a "confidential witness" and an informant. Tr. 58:18-19.

A later witness, Charles Goodwin, the Special Agent in Charge of the FBI's Honolulu Division, testified accurately about the difference between a CW and a CI. He explained that "a cooperating witness is a person who provides information or

evidence and is willing to testify about that in court as opposed to a confidential source or informant, who is not likely to testify in court." Tr. at 580:1-8.

The United States respectfully requests that the Court modify footnote 2 by indicating that the Court is describing what may have been Mr. Donahue's or perhaps Mr. Patton's understanding of the distinction between an CW and a CI, but that the Court is not suggesting that this understanding is necessarily accurate. Alternatively, perhaps the Court could decide to not include the footnote in the published opinion.

For these reasons, we respectfully request that the Court modify footnote 2 of its December 6, 2006 opinion as suggested above.

Respectfully submitted,

PETER D.KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333

Attorneys for Defendant

OF COUNSEL:

TED G. SCHWARTZ
Attorney
Federal Bureau of
Investigation

DECEMBER 15, 2006

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 15th day of DECEMBER, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO MODIFY THE COURT'S DECEMBER 6, 2006 OPINION" as filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore