# In the United States Court of Federal Claims

| | |
|---|---|
| THOMAS PATTON, Plaintiff, v. THE UNITED STATES, Defendant. | No. 01-161C<br>Filed December 21, 2006 |

## ORDER

On December 15, 2006, defendant timely filed a motion to modify the Court's December 6, 2006 opinion, pursuant to Rule 52(b) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant objects to the Court's explanation, in footnote 2 of its opinion, of the difference between a cooperating witness ("CW") and an informant. (It is undisputed that plaintiff was a CW.) Specifically, defendant objects that the Court's understanding that a CW works under contract, whether written or oral, is incorrect, as well as the Court's understanding that an informant is paid for the information he or she provides the Federal Bureau of Investigation ("FBI"). Defendant objects to the Court's reliance on the testimony of retired Agent John Donahue because "as a retired [FBI] employee, and as a witness for the plaintiff, Mr. Donahue did not speak for the FBI." D.'s Mot. at 2.

Defendant urges the Court to modify or strike the footnote based on The Attorney General's Guidelines Regarding the Use of Confidential Informants ("AG's Guidelines") and the testimony of Charles Goodwin, Special Agent in Charge ("SAC") of the FBI's Honolulu Division. However, the AG's Guidelines were never admitted, or even offered, in evidence at trial. Nor were the AG's Guidelines referenced in any way prior to trial. And, while SAC Goodwin did not mention CW contracts or the payment of informants in his testimony, he was not asked to, and did not purport to, present exhaustive definitions of the terms in question.

The particular language to which defendant refers had no bearing on the outcome of the case, which was favorable to defendant. Although the Court believes that its finding was adequately supported by the record, RCFC 52(b) itself provides that defendant may question the

sufficiency of the evidence supporting the finding in any subsequent proceeding in this Court or in any other forum.

In light of the foregoing, defendant's motion to modify the Court's December 6, 2006 opinion shall be, and the same hereby is, DENIED.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge